# FILED

JUL 1 6 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

*Judge Reinhard*

| | |
|---|---|
| Kenneth R. Erickson )<br><br>　　　Plaintiff )<br><br>vs. )<br><br>Redline Recovery Services, LLC, and<br>John And Jane Does 1 – 10 )<br><br>　　　Defendants ) | CASE NO. **09 C 50152**<br><br>COMPLAINT<br>JURY TRIAL DEMAND |

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1.　　This petition is an action for statutory and actual damages brought by an individual consumer Kenneth R. Erickson ("Plaintiff") against Redline Recovery Services, LLC, and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"); ~~the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"); to obtain injunctive relief and for declaratory relief~~. This petition is also an action for statutory and actual damages under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* and pursuant to the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* ("UDTPA") which are brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

### JURISDICTION / VENUE

2.　　Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

3.  Venue is proper in this District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

## PARTIES

4.  The Plaintiff, Kenneth R. Erickson, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Illinois. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under 815 ILCS 505 § 1(c).

5.  Defendant Redline Recovery Services, LLC is a limited liability company engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a corporation defined under 815 ILCS 510 § 1(5), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 95 John Muir Drive, Amherst, New York 14228 and may be served through its registered agents address at LexisNexis Document Solutions, 801 Adlai Stevenson Drive, Springfield, Illinois 62703

6.  Defendants, John and Jane Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. § 1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

7.  Sometime prior to 1995 Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Chase Bank credit card bearing account number 4266-8510-1699-0175 in the approximate amount of $ 19,272.09, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

2

**Comment [k1]:** In absence of any communication letter from Redline, relied on the principal address reflected on the IL SOS. Following is the link: http://www.ilsos.gov/corporatellc/CorporateLlcController Please confirm.

**Comment [Shall2]:** Derived this information from the following link: http://www.ilsos.gov/corporatellc/CorporateLlcController Please confirm.

8.   Sometime prior to January 2003 Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Chase Bank credit card bearing account number 4226-9100-2586-8282 in the approximate amount of $_21,330.64, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

9.   Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  On or about December 12, 2006, Plaintiff sent a two separate billing error notices, as that term is defined under 15 U.S.C. § 1666(a), to the original creditor, disputing the alleged debts requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. _See Exhibits A&B attached hereto and incorporated as if fully stated herein.

11.  The original creditor, Chase, never provided verification or validation of the alleged debt or responded in any way to Plaintiff's billing error notice and dispute.

12.  On or about June 8, 2007, a debt collection law firm Mann Bracken, LLC (hereinafter "MBLLC") caused to be served to the Plaintiff, separate initial communication letters in an attempt to collect the alleged debts incurred on both the accounts. See Exhibits C&D attached hereto and incorporated as if fully stated herein.

13.  In response to this collection letter, on or about June 29, 2007 Plaintiff sent a two separate notices disputing the alleged debts to MBLLC informing that Plaintiff had never agreed to arbitration agreement & refused to do so now and demanding verification and validation of it under 15 U.S.C. § 1692 et seq. (See Exhibits E&F attached hereto and incorporated as if fully stated herein).

14.  On or about July 17, 2007, a debt collection law firm MBLLC caused to be served to the Plaintiff, two separate arbitration summons for the account numbers ending with last four digits # 0175 and #8282 respectively. in the name of an the alleged creditor that sought full payment on the alleged debts in the amount of $ 16,921.83 plus interest @ 10.27% and $18,740.66 plus interest @ 10.27% respectively. See Exhibits G&H attached hereto and incorporated as if fully stated herein.

3

15. On or about August 4, 2007 Plaintiff again disputed the debt to Claimant **MBLLC** and the arbiter as well as informed both parties that the Plaintiff had never agreed to arbitration and refused to do so now, by sending two separate written dispute letters to Claimant **MBLLC** as well as the arbiter disputing the alleged debts incurred on both the accounts. See Exhibits I&J attached hereto and incorporated as if fully stated herein.

16. Upon Plaintiff's objection to arbitration, **Claimant MBLLC** was required to petition a federal court for a determination regarding the validity of the arbitration agreement, which **Claimant MBLLC** failed to do.

17. The arbitration proceeding that was brought by **Claimant MBLLC** was conducted in the State of Minnesota, under the laws of the State of Delaware, despite Defendants knowing that Plaintiffs at all times relevant hereto have resided in the State of Illinois.

18. Despite the fact that there was no federal court determination that a valid agreement to arbitrate existed, another debt collection law firm **Adler & Associates, Ltd.** (hereinafter "**A&A**") subsequently filed two separate civil complaint in the name of an alleged creditor on or about June 19, 2008, with a view to confirm and enforce the improperly obtained arbitration award on both the accounts, seeking full payment in the amount of $19,272.09 & $ 21,330.64 respectively. See Exhibit K&L attached hereto and incorporated as if fully stated herein.

19. The award that **A&A** sought to confirm was void, or incapable of confirmation or ratification.

~~16~~.20. On or about July 17, 2008, "Shriba Fraisee" a representative from Defendants **Redline Recovery Services, LLC** (herein referred to as "**RRS**"), calling from phone number 1-800-218-6371 ext. 4110, at approximately 3:32 P.M., repeated called at one of Plaintiff's business client "Rofu International's" office concerning the collection of alleged debts, in violation of 15 U.S.C. §§ 1692b(3), 1692c(a)(1) and 1692c(b). "Shriba Fraisee" spoke to one of the staff members of Plaintiff's client named "Rofu International," (hereinafter "third party") and failed to state that she is attempting to confirm or correct Plaintiff's location information, in violation 15 U.S.C. § 1692b(1). Further "Ms. Fraisee" informs the "third party" that she required information on a credit card collection issue on behalf of Chase

> **Comment [Shaili3]:** Although these facts are hit by SOL, we have incorporated these facts just for the purpose of briefing history of this case before the Honorable court. Please confirm.

4

in the amount $19,272.09 and $ 21,330.64, thus directly stating that Plaintiff owes debt to Chase bank, in violation of 15 U.S.C. §§ 1692b(2), 1692b(5) and 1692c(b). Also Defendant **RRS** clearly attempted to abuse and harass Plaintiff by disclosing about the alleged debt to a third party with whom Plaintiff shares a business relationship, and thus attempts to disgrace Plaintiff's reputation before his client, in violation 15 U.S.C. §§ 1692e(7) and 1692e(10). See Exhibit M&N attached hereto and incorporated as if fully stated herein.

~~17.~~ 21. Defendants **RRS** knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support a claim, unable to produce a written agreement with a bona fide signature of the Plaintiff, and unauthorized to do business in Illinois.

~~18.~~ 22. Defendants' actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

## SUMMARY

~~19.~~ 23. The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692b(5), 1692c(a)(1), 1692c(b), 1692d, ~~1692d(2),~~ 1692e, 1692e(7), 1692e(10) ~~1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10)~~ and 1692f, ~~1692f(1), 1692g(b), and 1692i,~~ amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## <u>CAUSES OF ACTION</u>
### FIRST CLAIM
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

~~20.~~ 24. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 23

above as if fully stated herein.

21.25. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

22.26. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.

23.27. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

24.28. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

## SECOND CLAIM
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT: 815 ILCS 505 *et seq.*

25.29. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 23 above as if generally and specifically stated herein.

26.30. The Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* provides at section 2 that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

27.31. Debt collection is a service within the scope of "trade and commerce" as that term is defined under 815 ILCS 505 § 1(f) and at issue in this case, generally this service affects commerce and trade in this state.

28.32. The conduct described in paragraphs 1 - 45 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

6

29. 33. Defendants unfair methods and deceit make them liable to Plaintiff under 815 ILCS 505 § 2F.

### THIRD CLAIM
### VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT: 815 ILCS 510 *et seq.*

30. 34. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 – 23 above as if generally and specifically stated herein.

31. 35. The conduct described in paragraphs 1 - 50 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

32. 36. Said conduct is generally and specifically within the meaning of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

33. 37. The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited

34. 38. The conduct described in paragraphs 1 - 45 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

35. 39. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

### PRAYER FOR RELIEF

36. 40. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1 - 39 above as if fully stated herein.

37. 41. There exists a dispute over whether Defendants have violated the FDCPA, ~~the FCRA,~~ the UDTPA and the Consumer Fraud and Deceptive Business Practices Act.

38. 42. Plaintiff is entitled to a declaratory judgment and a determination that Defendants violated the FDCPA, ~~the FCRA,~~ the Consumer Fraud and Deceptive Business

7

Practices Act, 815 ILCS 505 *et seq.*, and the UDTPA, 815 ILCS 510 *et seq.,* and Plaintiff is similarly entitled to an order enjoining said acts.

39.43. As a result of Defendants' actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

40.44. Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

### JURY DEMAND

41.45. Plaintiff is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7.Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1.     Award Plaintiff actual damages.

2.     Award Plaintiff punitive damages.

3.     Award Plaintiff federal and state statutory damages.

4.     Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.

5.     Award Plaintiff reasonable attorney's fees and costs of this litigation.

6.     Grant such other and further relief as this Honorable Court deems just and proper.

Dated:

Respectfully submitted,

Kenneth R. Erickson

8

VERIFICATION

I, Kenneth R. Erickson hereby certify that the facts contained in the foregoing Complaint
are true and correct to the best of my knowledge, information and belief.

Kenneth R Erickson
941 Isenberg Road
Amboy, Illinois 61310-9543

9

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY
TRIAL DEMAND and supporting documents and instruments were served to the clerk of
the UNITED STATES DISTRICT COURT FOR THE NORTHERN DIVISION OF
ILLINOIS and upon each of the parties or, when represented, upon their attorney of
record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid
envelope in an official depository under the exclusive care and custody of the United
States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Redline Recovery Services, LLC (Registered Agent)
LexisNexis Document Solutions,
801 Adlai Stevenson Drive,
Springfield, Illinois 62703

I further affirm that the foregoing statements made by me are true to the best of my
knowledge and belief and that if any are willfully false, I am subject to penalty.

Kenneth R Erickson
941 Isenberg Road
Amboy, Illinois 61310-9543

10

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF ILLINOIS** )
                        ) SS
**COUNTY OF** _Lee_      )

Plaintiff Kenneth R. Erickson having first been duly sworn and upon oath, deposes and states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every Exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_7-16-09_      _[signature]_
Date           Kenneth R. Erickson

Subscribed to and sworn to before me
This _16_ day of July 2009.

_[signature]_
Notary Public

```
OFFICIAL SEAL
LISA R BICKETT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/02/09
```

11

# Exhibit A



**CERTIFIED MAIL RECEIPT # 7004 1350 0000 4323 3308**

Chase
P.O. Box 15299
Wilmington, DE 19850-5299

December 12, 2006

**RE      NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF**
**PERFORMANCE – Kenneth R Erickson, ACCOUNT # 4266 8510 1699 0175**

Dear Sir/Madame:

I recently received your recent unsigned communication.   Please regard this letter as a formal written Notice and Demand to ORIGINAL CREDITOR for validation and adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that ORIGINAL CREDITOR may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account.  In addition, I have reason to believe that your company has failed to properly credit me for all revenues received by you related to this account.  In the event that the application or other evidence of this account was monetized, securitized and/or sold, please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt.  However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter.  To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution.  Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account.  In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws.  Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account.  Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Kenneth R Erickson



# AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged ORIGINAL CREDITOR account # 4266 8510 1699 0175 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged ORIGINAL CREDITOR promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Kenneth R Erickson (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by ORIGINAL CREDITOR' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of Illinois that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.

_____
Signature of Affiant

STATE OF Illinois )
                  )    JURAT
COUNTY OF Dupage  )


Subscribed and sworn to before me a notary public this 12th of Dec .2006.

_____
Signature of Notary

'OFFICIAL SEAL'
GENNIEVE ESPOSITO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-24-07

# Exhibit B



B

**CERTIFIED MAIL RECEIPT # 7004 1350 0000 4323 3339**

Chase
P.O. Box 15299
Wilmington, DE 19850-5299

December 12, 2006

RE   NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF
      PERFORMANCE – Kenneth R Erickson, ACCOUNT # 4226 9100 2586 8282

Dear Sir/Madame:

I recently received your recent unsigned communication. Please regard this
letter as a formal written Notice and Demand to ORIGINAL CREDITOR for validation and adequate
assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this
matter, and I am of the opinion that ORIGINAL CREDITOR may be in breach of the terms and
conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable
consideration, or full disclosure of the material terms and conditions of the alleged original agreement,
including the nature and extent of any finance charges assessed on the above account. In addition, I have
reason to believe that your company has failed to properly credit me for all revenues received by you
related to this account. In the event that the application or other evidence of this account was monetized,
securitized and/or sold, please provide me with certified copies of all underlying documentation regarding
said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt. However, I have
questions regarding the validity of the debt you are alleging in the attached billing statement, and in order
to determine the validity of your presentment, and continue payment on the above-listed account, I will
require certain information to confirm your claim in this matter. To that end, please forward the attached
affidavit to the appropriate person in your organization for review and execution. Upon receipt of the
signed, sworn affidavit, I will arrange for payments to resume on the above noted account. In the event
that you are unable or unwilling to provide me adequate assurance of performance on this account, please
send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all
communications, acts or omissions may be used in litigation, including the filing of grievances and the
initiation of investigations at the Federal Trade Commission and other government bodies regarding your
non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003,
and other state and federal consumer protection laws. Your failure to respond to this Notice and Demand
within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed
account, and will act as a confirmation that no further action will be taken on your part with respect to the
subject account. Please also take notice that during the pendency of this dispute, no further payments will
be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for
purposes of the collection of a debt.

Respectfully,

Kenneth R Erickson

B

## AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged ORIGINAL CREDITOR account # 4226 9100 2586 8282 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged ORIGINAL CREDITOR promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Kenneth R Erickson (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by ORIGINAL CREDITOR' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of Illinois that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.

_____
Signature of Affiant

STATE OF Illinois )
                   )     JURAT
COUNTY OF DuPage  )

Subscribed and sworn to before me a notary public this 12th of Dec 2006.

_____
Signature of Notary

"OFFICIAL SEAL"
GENNIEVE ESPOSITO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-24-07

# Exhibit C

14

**MB**

**MANN BRACKEN, LLC**

**ATTORNEYS AT LAW**

| PRINCIPAL OFFICE: | MID ATLANTIC OFFICE: | CAROLINA OFFICE: | TENNESSEE OFFICE: | TEXAS OFFICE: |
|---|---|---|---|---|
| ONE PACES WEST, STE 1400 | 1953 GALLOWS RD, STE 240 | 227 WEST TRADE ST, STE 1810 | 209 10TH AVE S, STE 532 | 5400 LBJ FREEWAY |
| 2727 PACES FERRY RD | VIENNA, VA 22182 | CHARLOTTE, NC 28202 | NASHVILLE, TN 37203 | 1540 ONE LINCOLN CNTR |
| ATLANTA, GA 30339 | MAIN (800) 506-7873 | MAIN (877) 899-2055 | MAIN (877) 275-8878 | DALLAS, TX 75240 |
| MAIN (888) 232-8439 | FAX (703) 288-4070 | FAX (704) 834-0569 | FAX (615) 296-9354 | MAIN (866) 763-7551 |
| FAX (678) 801-2355 | | | | FAX (972) 982-6631 |

June 8, 2007

**PERSONAL & CONFIDENTIAL**
Kenneth R Erickson
941 ISENBERG RD
AMBOY, IL 61310

      Name of Creditor: Chase Bank USA, N.A.
      Account Number: 4266851016990175
      Balance: $16921.83
      Mann Bracken No.: 70536090

Dear Kenneth R Erickson :

      The above referenced account has been referred to this firm for collection. The Balance above is the amount owed as of the date of this letter. Depending upon your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account. Therefore, the amount due on the date you pay may be greater. If you pay the Balance above and an additional payment is required for your account to be closed as paid in full, we will attempt to contact you again.

The original contract you entered into with Chase Bank USA, N.A. or with the predecessor or assignor of Chase Bank USA, N.A., provides for the resolution of claims or disputes by binding arbitration. If we are unable to reach satisfactory arrangements, the filing of an arbitration claim will be evaluated. If an arbitration award in favor of Chase Bank USA, N.A. is granted, we intend to pursue legal remedies available pursuant to the award. This firm practices law in DC, GA, MD, NC, SC, TN, TX, VA and WV. Accounts in other jurisdictions may be forwarded to an attorney licensed in that jurisdiction should a local attorney become necessary. This does not affect your rights set forth in this letter or any other rights you may have.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment if one exists and mail you a copy of such verification or judgment. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To discuss payment arrangements, please contact us at 1-800-817-3214

                    Sincerely,
                    MANN BRACKEN, LLC

**This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

                           ADL - 120 - 70536090

**MANN BRACKEN, LLC**
**ATTORNEYS AT LAW**
**HOURS OF OPERATION:**
MON - THURS, 8:00AM - 9:00PM (EST)
FRI, 8:00AM - 5:00PM (EST)
SAT, 8:00AM - 12:00PM (EST)

# Exhibit D

*MB*

MANN BRACKEN, LLC

ATTORNEYS AT LAW

**PRINCIPAL OFFICE:**
ONE PACES WEST, STE. 1400
2727 PACES FERRY RD
ATLANTA, GA 30339
MAIN: (866) 231-8436
FAX: (678) 801-2355

**MID ATLANTIC OFFICE:**
1953 GALLOWS RD, STE 240
VIENNA, VA 22182
MAIN: (800) 508-7573
FAX: (703) 288-4070

**CAROLINA OFFICE:**
227 WEST TRADE ST, STE 1610
CHARLOTTE, NC 28202
MAIN: (877) 899-2065
FAX: (704) 834-0599

**TENNESSEE OFFICE:**
209 10TH AVE S, STE 532
NASHVILLE, TN 37203
MAIN: (877) 275-8878
FAX: (615) 296-9354

**TEXAS OFFICE:**
5400 LBJ FREEWAY
1540 ONE LINCOLN CNTR
DALLAS, TX 75240
MAIN: (866) 763-7561
FAX: (972) 962-9601

June 8, 2007

**PERSONAL & CONFIDENTIAL**
Kenneth R Erickson
941 ISENBERG RD
AMBOY, IL 61310

    Name of Creditor: Chase Bank USA, N.A.
    Account Number: 4226910025868282
    Balance: $18740.66
    Mann Bracken No.: 70530520

Dear Kenneth R Erickson :

    The above referenced account has been referred to this firm for collection. The Balance above is the amount owed as of the date of this letter. Depending upon your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account. Therefore, the amount due on the date you pay may be greater. If you pay the Balance above and an additional payment is required for your account to be closed as paid in full, we will attempt to contact you again.

The original contract you entered into with Chase Bank USA, N.A. or with the predecessor or assignor of Chase Bank USA, N.A., provides for the resolution of claims or disputes by binding arbitration. If we are unable to reach satisfactory arrangements, the filing of an arbitration claim will be evaluated. If an arbitration award in favor of Chase Bank USA, N.A. is granted, we intend to pursue legal remedies available pursuant to the award. This firm practices law in DC, GA, MD, NC, SC, TN, TX, VA and WV. Accounts in other jurisdictions may be forwarded to an attorney licensed in that jurisdiction should a local attorney become necessary. This does not affect your rights set forth in this letter or any other rights you may have.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment if one exists and mail you a copy of such verification or judgment. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To discuss payment arrangements, please contact us at 1-800-817-3214

        Sincerely,
        MANN BRACKEN, LLC

**This communication is from a debt collector. This is an attempt to collect a debt, and any information   obtained will be used for that purpose.**

        ADL - 126 - 70530520

MANN BRACKEN, LLC
ATTORNEYS AT LAW
HOURS OF OPERATION:
MON - THURS, 8:00AM – 9:00PM (EST)
FRI, 8:00AM – 5:00PM (EST)
SAT, 8:00AM – 12:00PM (EST)

# Exhibit E

ınn Bracken, LLC
orneys at Law
ıe Paces West, Suite 1400
27 Paces Ferry Road
ınta, Georgia  30339



ne 29,2007

## NOTICE OF DISPUTE

ə: Inquiry: **Chase Bank USA, N.A.,  Mann Bracken, LLC,  account number 4266851016990175**

ɜar Sir/Madame:

    I am in receipt of your letter demanding payment on the above referenced account.
    I dispute this debt and refuse to pay it.

    Further, I never entered into an agreement to arbitrate any disputes on this account.

ɜspectfully,

ɜnneth R. Erickson

# Exhibit F

17

n Bracken, LLC
rneys at Law
e Paces West, Suite 1400
7 Paces Ferry Road
nta, Georgia  30339



ie 29,2007

## NOTICE OF DISPUTE

: Inquiry: **Chase Bank USA, N.A.,  Mann Bracken, LLC,  account number 4226910025868282**

ear Sir/Madame:

I am in receipt of your letter demanding payment on the above referenced account. I dispute this debt and refuse to pay it.

Further, I never entered into an agreement to arbitrate any disputes on this account.

espectfully,

enneth R. Erickson

# Exhibit G

18

## *MB*

**MANN BRACKEN, LLC**

ATTORNEYS AT LAW

G

| | | | | |
|---|---|---|---|---|
| **PRINCIPAL OFFICE:**<br>ONE FACES WEST, STE 1400<br>2727 PACES FERRY RD<br>ATLANTA, GA 30339<br>MAIN: (888) 201-6639<br>FAX: (678) 391-3355 | **MID ATLANTIC OFFICE:**<br>1983 GALLOWS RD, STE 240<br>VIENNA, VA 22182<br>MAIN: (800) 508-7373<br>FAX: (703) 288-4070 | **CAROLINA OFFICE:**<br>227 WEST TRADE ST, STE 1610<br>CHARLOTTE, NC 28202<br>MAIN: (877) 859-2053<br>FAX: (704) 334-0549 | **TENNESSEE OFFICE:**<br>289 107E AVE S, STE 532<br>NASHVILLE, TN 37203<br>MAIN: (877) 275-8878<br>FAX: (615) 296-0356 | **TEXAS OFFICE:**<br>5400 LBJ FREEWAY<br>1540 ONE LINCOLN CNTR<br>DALLAS, TX 75240<br>MAIN: (866) 763-7561<br>FAX: (972) 982-8601 |

July 18, 2007

Kenneth Erickson

941 Isenberg Rd

Amboy, IL 61310

RE:  **ENCLOSED ARBITRATION CLAIM FORM &**
**OFFER OF COMPROMISE FOR 75% OF YOUR BALANCE**

Our Client:      Chase Bank USA, N.A.

Account Number:      4266851016990175

Our File No.:      70536090

Dear Kenneth Erickson:

We regret to have found it necessary to file the enclosed claim with the National Arbitration Forum in order to enforce the above-referenced claim of our client, Chase Bank USA, N.A.  Although we have been unable to gain your assistance in reaching an amicable resolution of this matter, it is still possible to conclude this affair without the necessity of proceeding through the full arbitration process. *We would like to offer you the opportunity to settle your account for 75% of your principal balance of $16921.83.*  We are still open to discussing with you suitable arrangements to satisfy your obligation to our client before this matter is presented to an Arbitrator for final disposition.

If you would like to arrange for a settlement of this claim, please contact us at 1 (800) 817-3214 during our hours of operation referenced below.

Sincerely,

MANN BRACKEN, LLC

By: Clayton D. Moseley, Esq.

**This communication is an attempt to collect a debt and any information obtained will be used for that purpose**

**Mann Bracken, LLC Hours of Operation:**

Monday through Thursday, 8:00 AM - 9:00 PM (EST)

Friday, 8:00 AM - 5:00 PM (EST)

Saturday, 8:00 AM - 12:00 PM (EST)



## IN THE
## NATIONAL ARBITRATION FORUM
## CLAIM

Chase Bank USA, N.A.,
C/O Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
USA

   **CLAIMANT,**

    **RE:** Chase Bank USA, N.A. v Kenneth R Erickson
    **Forum File Number:** FA0707001039064
    **Account No.:** 4266851016990175

Kenneth R Erickson,

941 Isenberg Rd

Amboy, IL 61310

USA

   **RESPONDENT(S)**

**RESPONDENT(S): THIS IS AN ARBITRATION CLAIM AGAINST YOU FOR MONEY OR OTHER RELIEF. YOU HAVE THIRTY (30) DAYS TO SERVE THE CLAIMANT WITH A WRITTEN RESPONSE. IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE NATIONAL ARBITRATION FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU.**

COMES NOW, Claimant, Chase Bank USA, N.A. (hereinafter, "Claimant"), and states its claim against Respondent and shows this honorable Forum the following:

1. Respondent is in breach of the Credit Card Cardmember Agreement, (hereinafter, "Agreement"), to which Claimant succeeds as Obligee following the transfer of all equitable and legal right, title and interest therein from the original Obligee, Chase. The material provisions of the Agreement and amendments thereto are quoted below. Counsel for Claimant will provide exemplar agreements or amendments via email or regular mail upon request.

2. Respondent's breach arises from his/her failure to honor the payment terms of the Agreement. Revolving credit was extended to Respondent in reliance upon the terms of the Agreement. The debt, which is the subject of the instant Claim, arises from revolving credit extended to Respondent in the form of credit card account number 4266851016990175.

3. Respondent(s) continuing default under the terms of the Agreement has resulted in a present principal debt on account due and owing to Claimant in the amount of $16921.83, as reflected in the attached account summary, plus interest accrued through the date of filing in the total amount of $195.93. Interest continues to accrue upon the principal balance due at the rate of 10.25%. The foregoing interest rate is the pre-judgement legal rate of interest authorized by the state law governing the Agreement (as quoted immediately below), to wit, the law of the State of Delaware:

**GOVERNING LAW:** This Agreement is governed by the laws of the United States of America and the State of Delaware. Any dispute concerning any item in this Agreement will be resolved by those laws.

Submitted for the convenience of the tribunal is a true and correct copy of the relevant statute, 6 Del. C. § 2301, appended hereto as Exhibit "A".

4. This account was declared as a bad debt on 2007-05-31 at which point it was 210 days delinquent. The date of the last payment received on the account was 2006-09-29. Despite repeated attempts by Claimant and claimant's counsel and/or agents to resolve this claim short of resort to the remedy sought herein, Respondent(s) has/have not paid the amounts due or otherwise made provision for an accord and satisfaction of the claim at bar.

5. Claimant proceeds herein pursuant to the following provision of the Agreement, as amended:

## ARBITRATION AGREEMENT

PLEASE READ THIS AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT SUCH AS THAT IN THE FORM OF A PRIVATE ATTORNEY GENERAL ACTION, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. YOU WILL NOT BE ABLE TO BE PART OF ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE, OR BE REPRESENTED IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS AND OTHER REPRESENTATIVE ACTIONS). OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO A COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION MAY BE MORE LIMITED. EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED.

**Binding Arbitration.** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

**Parties Covered.** For the purposes of this Arbitration Agreement, "we", "us", and "our" means our parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, any purchaser of your Account, and all of their officers, directors, employees, agents, and assigns or any and all of them. Additionally, "we", "us" and "our" shall mean any third party providing benefits, services, or products in connection with the Account (including but not limited to credit bureaus, merchants that accept

any credit device issued under the Account, rewards programs and enrollment services, credit insurance companies, debt collectors, and all of their officers, directors, employees, agents and representatives) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us.

**Claims Covered.** Either you or we may, without the other's consent, elect mandatory, binding arbitration of any claim, dispute or controversy by either you or us against the other, or against the employees, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other, arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising, application or approval of your Account ("Claim"). This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief. Claims subject to this Arbitration Agreement include Claims regarding the applicability of this Arbitration Agreement or the validity of the entire Cardmember Agreement or any prior Cardmember Agreement. This Arbitration Agreement includes Claims that arose in the past, or arise in the present or the future. As used in this Arbitration Agreement, the term Claim is to be given the broadest possible meaning. Claims subject to arbitration include Claims that are made as counterclaims, cross claims, third party claims, interpleaders or otherwise, and a party who initiates a proceeding in court may elect arbitration with respect to any such Claims advanced in the lawsuit by any party or parties. As an exception to this Arbitration Agreement, you retain the right to pursue in a small claims court any Claim that is within that court's jurisdiction and proceeds on an individual basis. If a party elects to arbitrate a Claim, the arbitration will be conducted as an individual action. Neither you nor we agree to any arbitration on a class or representative basis, and the arbitrator shall have no authority to proceed on such basis. This means that even if a class action lawsuit or other representative action, such as that in the form of a private attorney general action, is filed, any Claim between us related to the issues raised in such lawsuits will be subject to an individual arbitration claim if either you or we so elect. No arbitration will be consolidated with any other arbitration proceeding without the consent of all parties. The only Claims that may be joined in an individual action under this Arbitration Agreement are (1) those brought by us against you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy or (2) those brought by you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy against us.

**Initiation of Arbitration.** The party filing a Claim in arbitration must choose one of the following three arbitration administrators: American Arbitration Association; JAMS/Endispute ("JAMS"); or National Arbitration Forum. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected arbitration administrator by an impartial third party chosen in accordance with the rules of the selected arbitration administrator and as may be provided in this Arbitration Agreement. Any arbitration hearing that you attend shall be held at a place chosen by the arbitrator or arbitration administrator within the federal judicial district in which you reside at the time the Claim is filed or at some other place to which you and we agree in writing. You may obtain copies of the current rules of each of the three arbitration administrators, information about arbitration and arbitration fees, and instructions for initiating arbitration by contacting the arbitration administrators.

**American Arbitration Association**
335 Madison Avenue, Floor 10
New York, NY 10017-4605
Web site: www.adr.org, 800-778-7879

**JAMS**



1920 Main Street, Suite 300
Irvine, CA 92610
Web site: www.jamsadr.com
800-352-5267

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN 55405
Web site: www.arbitration-forum.com
800-474-2371

**Procedures and law applicable in arbitration.** A single, neutral arbitrator will resolve Claims. The arbitrator will either be a lawyer with at least ten years experience or a retired or former judge. The arbitration will be conducted under the applicable procedures and rules of the arbitration administrator that are in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with this Arbitration Agreement, in which case this Agreement will prevail. These procedures and rules may limit the amount of discovery available to you or us. The arbitrator will apply applicable substantive law consistent with the FAA and applicable statutes of limitations, and will honor claims of privilege recognized at law. You may choose to have a hearing and be represented by counsel. The arbitrator will take reasonable steps to protect customer Account information and other confidential information, including the use of protective orders to prohibit disclosure outside the arbitration, if requested to do so by you or us. The arbitrator will have the power to award to a party any damages or other relief provided for under applicable law, and will not have the power to award relief to, against, or for the benefit of any person who is not a party to the proceeding. If the law authorizes such relief, the arbitrator may award punitive damages or attorney fees. The arbitrator will make any award in writing but need not provide a statement of reasons unless requested by a party. Upon a request by you or us, the arbitrator will provide a brief statement of the reasons for the award.

**Costs.** We will reimburse you for the initial arbitration filing fee paid by you up to the amount of $500 upon receipt of proof of payment. Additionally, if there is a hearing, we will pay any fees of the arbitrator and arbitration administrator for the first two days of that hearing. The payment of any such hearing fees by us will be made directly to the arbitration administrator selected by you or us pursuant to this Arbitration Agreement. All other fees will be allocated in keeping with the rules of the arbitration administrator and applicable law. However, we will advance or reimburse filing fees and other fees if the arbitration administrator or arbitrator determines there is good reason for requiring us to do so or you ask us and we determine there is good cause for doing so. Each party will bear the expense of the fees and costs of that party's attorneys, experts, witnesses, documents and other expenses, regardless of which party prevails, for arbitration and any appeal (as permitted below), except that the arbitrator shall apply any applicable law in determining whether a party should recover any or all fees and costs from another party.

**Enforcement, finality, appeals.** Failure or any delay in enforcing this Arbitration Agreement at any time, or in connection with any particular Claims, will not constitute a waiver of any rights to require arbitration at a later time or in connection with any other Claims. Any decision rendered in such arbitration proceeding will be final and binding on the parties, unless a party appeals in writing to the arbitration organization within 30 days of issuance of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators designated by the same arbitration organization. The panel will reconsider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Each party will bear their own fees, costs and expenses for any appeal, but a party may recover any or all fees, costs and expenses from another party, if the majority of the panel of arbitrators, applying applicable law, so determines.

G

An award in arbitration will be enforceable as provided by the FAA or other applicable law by any court having jurisdiction.

**Severability, survival.** This Arbitration Agreement shall survive: (i) termination or changes in the Cardmember Agreement, the Account and the relationship between you and us concerning the Account, such as the issuing of a new account number or the transferring of the balance in the Account to another account; (ii) the bankruptcy of any party or any similar proceeding initiated by you or on your behalf; and (iii) payment of the debt in full by you or by a third party. If any portion of this Arbitration Agreement is deemed invalid or unenforceable, the remaining portions shall nevertheless remain in force.

**Changes to this Agreement:** We can change this Agreement at any time by adding, deleting, or modifying any provision. Our right to add, delete, or modify provisions includes financial terms, such as the APRs and fees, and other terms such as the nature, extent, and enforcement of the rights and obligations you or we may have relating to this Agreement. Modifications, additions, or deletions are called "Changes" or a "Change". We will notify you of any Change if required by applicable law. These Changes will be effective at the time stated in our notice. Unless we state otherwise, any Change will apply to the unpaid balances on your Account and to new transactions. The notice may state that you may notify us in writing by a specified date if you do not want to accept certain Changes we are making. If you notify us in writing that you do not accept the Changes your Account will be closed and you will be obligated to pay your outstanding balance under the terms of the Agreement in effect on the date you received the notice of Change. If you do not notify us in writing by the date stated in the notice, or if you notify us but also use your Account after the date stated in the notice, you will be deemed to accept all Changes in the notice and to accept and confirm all terms of your Agreement and all Changes in prior notices we have sent you.

**Phone Calls:** In the regular course of our business we may monitor and record phone conversations made or received by our employees. You agree that we will have such right with respect to all phone conversations between you and our employees, whether initiated by you or any of our employees.

**Notices:** We will send statements and any other notices to you at the address shown in our files. If this is a joint account, we can send statements and notices to either of you. You promise to inform us promptly in writing of any change in your address. At our discretion, we may accept address corrections from the United States Postal Service.

**Assignment:** We may at any time assign your Account, any sums due on your Account, this Agreement or our rights or obligations under this Agreement. The person(s) to whom we make any such assignment shall be entitled to all of our rights under this Agreement, to the extent assigned.

**GOVERNING LAW:** THIS AGREEMENT AND YOUR ACCOUNT WILL BE GOVERNED BY THE LAW OF THE STATE OF DELAWARE AND, AS APPLICABLE, FEDERAL LAW.

6. Submitted for the convenience of the tribunal are true and correct copies of the relevant statutes, to wit, 10 Del. C. § 3912, appended hereto as Exhibit "B" and 5 Del. C. § 951, appended hereto as Exhibit "C".

    A. Attorney's Fees;

    B. Costs of Arbitration: (i) A Filing Fee of $60 already incurred by Claimant; (ii) a Commencement Fee as may be incurred; (iii) any Administrative Fees as may be incurred; (iv) any other or further Fees as may be incurred in the course of these proceedings;

    C. Expenses incurred by the Claimant in serving the Respondent with this Claim.

WHEREFORE, Claimant respectfully requests the issuance of an AWARD in its favor as follows:

A. In the amount of $16921.83 for the principal amount of debt due and owing from Respondent to Claimant;

B. In the amount of $195.93 for interest accrued on said principal amount through the date of this filing;

C. For prejudgment interest at the legal rate of 10.25% from the date of this filing through the issuance of Award;

D. Attorney's Fees of $1692.18;

E. All costs of Arbitration as may be incurred by Claimant in the course of these proceedings;

F. Service expenses as incurred in serving this Claim upon Respondent;

G. Any other or further relief that this honorable Forum deems appropriate.

The undersigned asserts, under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are true and correct.

G

RESPONDENT(S) MUST SEND A WRITTEN RESPONSE TO THE NATIONAL ARBITRATION FORUM, WITH A COPY TO THE CLAIMANT, WITHIN 30 DAYS OR AN AWARD MAY BE ENTERED IN FAVOR OF THE CLAIMANT.

Clayton D. Moseley, Esq.
for the Claimant


Claimant Contact:
Mann Bracken, LLC
Attention: Clayton D. Moseley, Esq.
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
1-800-817-3214
arbitration@mannbracken.com

## SUMMARY OF ACCOUNT INFORMATION

07/17/2007 - KENNETH R ERICKSON

### ACCOUNT STATUS REPORT

Date Filed:           07/17/2007

Account Number:       4266851016990175

Primary Account Holder:   KENNETH R ERICKSON

Address:        941 Isenberg Rd

                Amboy, IL 61310

Home Phone:        (815) 857-1006

Work Phone:        (630) 820-2885

Secondary Account Holder:

Address:

Home Phone:

Work Phone:

Principal Balance:    $16921.83

Interest Rate:        10.25%

Last Payment:  09/29/2006

INFORMATION DRAWN FROM ACCOUNT RECORDS AND CURRENT AS OF THE DATE FILED

G

## NOTICE OF ARBITRATION

Dear Respondent,

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the Claimant or from the Forum at WWW.ARBITRATION-FORUM.COM or 800/474-2371.

IF YOU DO NOT DELIVER TO THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE THIRTY (30) DAYS TO RESPOND FROM RECEIPT OF SERVICE.

You have a number of options at this time. You may:

1. *Submit a written Response to the Claim,* stating your reply and defenses to the Claim, together with documents supporting your position. Your Response must be delivered to the Claimant and filed with the Forum. Read National Arbitration Forum [NAF] Code of Procedure Rules 13 and 6C.

   Proof of delivery of the Response on the Claimant must also be filed with the Forum. Read NAF Rules 2A, 2M, and 2AA. Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as mail or other methods in NAF Rule 6C]".

   A Counter Claim, Cross-claim or Third Party Claim must also be delivered and filed with the Forum, and accompanied by the fee as provided in the Fee Schedule. Read NAF Rules 14, 15, and 16. Forms for such Response and Claims may be obtained from the Forum.

   If you fail to respond in writing to the Claim, an Award may be entered against you and in favor of the Claimant.

2. *Select a Document Hearing or a Participatory Hearing.* You may request a Hearing in your Response or in a separate writing. You may select a Document or Participatory Hearing, and you may also request a Hearing on-line or by telephone. If an In-person Participatory Hearing is selected, it will be held in the federal Judicial District where you reside or do business, unless you have agreed otherwise. Your written Request for a Hearing must be filed with the Forum. You must also deliver a copy of your Request to the Claimant and any other Parties. Read NAF Rules 25 and 26.

3. *Have other options.* You may seek the advice of an attorney or any person who may assist you regarding this arbitration. You should seek this advice promptly so that your Response can be delivered and filed within the time required by the Code of Procedure. Read NAF Rule 5 for a Summary of Arbitration

Procedures. If you have any questions about responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN USA 55405-0191
(952)516-6400 (800)474-2371
info@arb-forum.com
www.adrforum.com

# Exhibit H

19



## MB

# MANN BRACKEN, LLC

### ATTORNEYS AT LAW

PRINCIPAL OFFICE:          MID ATLANTIC OFFICE:      CAROLINA OFFICE:         TENNESSEE OFFICE:        TEXAS OFFICE:
ONE PACES WEST, STE 1400   1853 GALLOWS RD, STE 240  227 WEST TRADE ST, STE 1610  209 10TH AVE S, STE 532  5400 LBJ FREEWAY
2727 PACES FERRY RD        VIENNA, VA 22182          CHARLOTTE, NC 28202      NASHVILLE, TN 37203      1540 ONE LINCOLN CNTR
ATLANTA, GA 30339          MAIN: (800) 506-7373      MAIN: (877) 899-2065     MAIN: (877) 275-8878     DALLAS, TX 75240
MAIN: (888) 232-8439       FAX: (703) 288-4070       FAX: (704) 834-0569      FAX: (615) 296-9354      MAIN: (866) 763-7561
FAX: (678) 801-2355                                                                                   FAX: (972) 982-8801

July 18, 2007

Kenneth Erickson

941 Isenberg Rd

Amboy, IL 61310

     RE: **ENCLOSED ARBITRATION CLAIM FORM &**

           **OFFER OF COMPROMISE FOR 75% OF YOUR BALANCE**

           Our Client:          Chase Bank USA, N.A.

           Account Number:    4226910025868282

           Our File No.:       70530520

Dear Kenneth Erickson:

    We regret to have found it necessary to file the enclosed claim with the National Arbitration Forum in order to enforce the above-referenced claim of our client, Chase Bank USA, N.A. Although we have been unable to gain your assistance in reaching an amicable resolution of this matter, it is still possible to conclude this affair without the necessity of proceeding through the full arbitration process. *We would like to offer you the opportunity to settle your account for 75% of your principal balance of $18740.66.* We are still open to discussing with you suitable arrangements to satisfy your obligation to our client before this matter is presented to an Arbitrator for final disposition.

    If you would like to arrange for a settlement of this claim, please contact us at 1 (800) 817-3214 during our hours of operation referenced below.

Sincerely,

MANN BRACKEN, LLC

By: Clayton D. Moseley, Esq.

**This communication is an attempt to collect a debt and any information obtained will be used for that purpose**

**Mann Bracken, LLC Hours of Operation:**

Monday through Thursday, 8:00 AM - 9:00 PM (EST)

Friday, 8:00 AM - 5:00 PM (EST)

Saturday, 8:00 AM - 12:00 PM (EST)

## IN THE
## NATIONAL ARBITRATION FORUM
## CLAIM

Chase Bank USA, N.A.,
C/O Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
USA

      **CLAIMANT,**

      **RE:** Chase Bank USA, N.A. v Kenneth R Erickson
      **Forum File Number:** FA0707001038924
      **Account No.:** 4226910025868282

Kenneth R Erickson,

941 Isenberg Rd


Amboy, IL 61310

USA

      **RESPONDENT(S)**

**RESPONDENT(S): THIS IS AN ARBITRATION CLAIM AGAINST YOU FOR MONEY OR OTHER RELIEF. YOU HAVE THIRTY (30) DAYS TO SERVE THE CLAIMANT WITH A WRITTEN RESPONSE. IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE NATIONAL ARBITRATION FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU.**

COMES NOW, Claimant, Chase Bank USA, N.A. (hereinafter, "Claimant"), and states its claim against Respondent and shows this honorable Forum the following:

1. Respondent is in breach of the Credit Card Cardmember Agreement, (hereinafter, "Agreement"), to which Claimant succeeds as Obligee following the transfer of all equitable and legal right, title and interest therein from the original Obligee, Chase. The material provisions of the Agreement and amendments thereto are quoted below. Counsel for Claimant will provide exemplar agreements or amendments via email or regular mail upon request.

2. Respondent's breach arises from his/her failure to honor the payment terms of the Agreement. Revolving credit was extended to Respondent in reliance upon the terms of the Agreement. The debt, which is the subject of the instant Claim, arises from revolving credit extended to Respondent in the form of credit card account number 4226910025868282.



3. Respondent(s) continuing default under the terms of the Agreement has resulted in a present principal debt on account due and owing to Claimant in the amount of $18740.66, as reflected in the attached account summary, plus interest accrued through the date of filing in the total amount of $216.99. Interest continues to accrue upon the principal balance due at the rate of 10.25%. The foregoing interest rate is the pre-judgement legal rate of interest authorized by the state law governing the Agreement (as quoted immediately below), to wit, the law of the State of Delaware:

**GOVERNING LAW:** This Agreement is governed by the laws of the United States of America and the State of Delaware. Any dispute concerning any item in this Agreement will be resolved by those laws.

Submitted for the convenience of the tribunal is a true and correct copy of the relevant statute, 6 Del. C. § 2301, appended hereto as Exhibit "A".

4. This account was declared as a bad debt on 2007-05-31 at which point it was 210 days delinquent. The date of the last payment received on the account was 2006-09-29. Despite repeated attempts by Claimant and claimant's counsel and/or agents to resolve this claim short of resort to the remedy sought herein, Respondent(s) has/have not paid the amounts due or otherwise made provision for an accord and satisfaction of the claim at bar.

5. Claimant proceeds herein pursuant to the following provision of the Agreement, as amended:

**ARBITRATION AGREEMENT**
PLEASE READ THIS AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT SUCH AS THAT IN THE FORM OF A PRIVATE ATTORNEY GENERAL ACTION, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. YOU WILL NOT BE ABLE TO BE PART OF ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE, OR BE REPRESENTED IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS AND OTHER REPRESENTATIVE ACTIONS). OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO A COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION MAY BE MORE LIMITED. EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED.

**Binding Arbitration.** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

**Parties Covered.** For the purposes of this Arbitration Agreement, "we", "us", and "our" means our parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, any purchaser of your Account, and all of their officers, directors, employees, agents, and assigns or any and all of them. Additionally, "we", "us" and "our" shall mean any third party providing benefits, services, or products in connection with the Account (including but not limited to credit bureaus, merchants that accept

any credit device issued under the Account, rewards programs and enrollment services, credit insurance companies, debt collectors, and all of their officers, directors, employees, agents and representatives) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us.

**Claims Covered.** Either you or we may, without the other's consent, elect mandatory, binding arbitration of any claim, dispute or controversy by either you or us against the other, or against the employees, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other, arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising, application or approval of your Account ("Claim"). This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief. Claims subject to this Arbitration Agreement include Claims regarding the applicability of this Arbitration Agreement or the validity of the entire Cardmember Agreement or any prior Cardmember Agreement. This Arbitration Agreement includes Claims that arose in the past, or arise in the present or the future. As used in this Arbitration Agreement, the term Claim is to be given the broadest possible meaning. Claims subject to arbitration include Claims that are made as counterclaims, cross claims, third party claims, interpleaders or otherwise, and a party who initiates a proceeding in court may elect arbitration with respect to any such Claims advanced in the lawsuit by any party or parties. As an exception to this Arbitration Agreement, you retain the right to pursue in a small claims court any Claim that is within that court's jurisdiction and proceeds on an individual basis. If a party elects to arbitrate a Claim, the arbitration will be conducted as an individual action. Neither you nor we agree to any arbitration on a class or representative basis, and the arbitrator shall have no authority to proceed on such basis. This means that even if a class action lawsuit or other representative action, such as that in the form of a private attorney general action, is filed, any Claim between us related to the issues raised in such lawsuits will be subject to an individual arbitration claim if either you or we so elect. No arbitration will be consolidated with any other arbitration proceeding without the consent of all parties. The only Claims that may be joined in an individual action under this Arbitration Agreement are (1) those brought by us against you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy or (2) those brought by you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy against us.

**Initiation of Arbitration.** The party filing a Claim in arbitration must choose one of the following three arbitration administrators: American Arbitration Association; JAMS/Endispute ("JAMS"); or National Arbitration Forum. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected arbitration administrator by an impartial third party chosen in accordance with the rules of the selected arbitration administrator and as may be provided in this Arbitration Agreement. Any arbitration hearing that you attend shall be held at a place chosen by the arbitrator or arbitration administrator within the federal judicial district in which you reside at the time the Claim is filed or at some other place to which you and we agree in writing. You may obtain copies of the current rules of each of the three arbitration administrators, information about arbitration and arbitration fees, and instructions for initiating arbitration by contacting the arbitration administrators.

**American Arbitration Association**
335 Madison Avenue, Floor 10
New York, NY 10017-4605
Web site: www.adr.org, 800-778-7879

**JAMS**

1920 Main Street, Suite 300

Irvine, CA 92610

Web site: www.jamsadr.com

800-352-5267

**National Arbitration Forum**

P.O. Box 50191

Minneapolis, MN 55405

Web site: www.arbitration-forum.com

800-474-2371

**Procedures and law applicable in arbitration.** A single, neutral arbitrator will resolve Claims. The arbitrator will either be a lawyer with at least ten years experience or a retired or former judge. The arbitration will be conducted under the applicable procedures and rules of the arbitration administrator that are in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with this Arbitration Agreement, in which case this Agreement will prevail. These procedures and rules may limit the amount of discovery available to you or us. The arbitrator will apply applicable substantive law consistent with the FAA and applicable statutes of limitations, and will honor claims of privilege recognized at law. You may choose to have a hearing and be represented by counsel. The arbitrator will take reasonable steps to protect customer Account information and other confidential information, including the use of protective orders to prohibit disclosure outside the arbitration, if requested to do so by you or us. The arbitrator will have the power to award to a party any damages or other relief provided for under applicable law, and will not have the power to award relief to, against, or for the benefit of any person who is not a party to the proceeding. If the law authorizes such relief, the arbitrator may award punitive damages or attorney fees. The arbitrator will make any award in writing but need not provide a statement of reasons unless requested by a party. Upon a request by you or us, the arbitrator will provide a brief statement of the reasons for the award.

**Costs.** We will reimburse you for the initial arbitration filing fee paid by you up to the amount of $500 upon receipt of proof of payment. Additionally, if there is a hearing, we will pay any fees of the arbitrator and arbitration administrator for the first two days of that hearing. The payment of any such hearing fees by us will be made directly to the arbitration administrator selected by you or us pursuant to this Arbitration Agreement. All other fees will be allocated in keeping with the rules of the arbitration administrator and applicable law. However, we will advance or reimburse filing fees and other fees if the arbitration administrator or arbitrator determines there is good reason for requiring us to do so or you ask us and we determine there is good cause for doing so. Each party will bear the expense of the fees and costs of that party's attorneys, experts, witnesses, documents and other expenses, regardless of which party prevails, for arbitration and any appeal (as permitted below), except that the arbitrator shall apply any applicable law in determining whether a party should recover any or all fees and costs from another party.

**Enforcement, finality, appeals.** Failure or any delay in enforcing this Arbitration Agreement at any time, or in connection with any particular Claims, will not constitute a waiver of any rights to require arbitration at a later time or in connection with any other Claims. Any decision rendered in such arbitration proceeding will be final and binding on the parties, unless a party appeals in writing to the arbitration organization within 30 days of issuance of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators designated by the same arbitration organization. The panel will reconsider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Each party will bear their own fees, costs and expenses for any appeal, but a party may recover any or all fees, costs and expenses from another party, if the majority of the panel of arbitrators, applying applicable law, so determines.

An award in arbitration will be enforceable as provided by the FAA or other applicable law by any court having jurisdiction.

**Severability, survival.** This Arbitration Agreement shall survive: (i) termination or changes in the Cardmember Agreement, the Account and the relationship between you and us concerning the Account, such as the issuing of a new account number or the transferring of the balance in the Account to another account; (ii) the bankruptcy of any party or any similar proceeding initiated by you or on your behalf; and (iii) payment of the debt in full by you or by a third party. If any portion of this Arbitration Agreement is deemed invalid or unenforceable, the remaining portions shall nevertheless remain in force.

**Changes to this Agreement:** We can change this Agreement at any time by adding, deleting, or modifying any provision. Our right to add, delete, or modify provisions includes financial terms, such as the APRs and fees, and other terms such as the nature, extent, and enforcement of the rights and obligations you or we may have relating to this Agreement. Modifications, additions, or deletions are called "Changes" or a "Change". We will notify you of any Change if required by applicable law. These Changes will be effective at the time stated in our notice. Unless we state otherwise, any Change will apply to the unpaid balances on your Account and to new transactions. The notice may state that you may notify us in writing by a specified date if you do not want to accept certain Changes we are making. If you notify us in writing that you do not accept the Changes, your Account will be closed and you will be obligated to pay your outstanding balance under the terms of the Agreement in effect on the date you received the notice of Change. If you do not notify us in writing by the date stated in the notice, or if you notify us but also use your Account after the date stated in the notice, you will be deemed to accept all Changes in the notice and to accept and confirm all terms of your Agreement and all Changes in prior notices we have sent you.

**Phone Calls:** In the regular course of our business we may monitor and record phone conversations made or received by our employees. You agree that we will have such right with respect to all phone conversations between you and our employees, whether initiated by you or any of our employees.

**Notices:** We will send statements and any other notices to you at the address shown in our files. If this is a joint account, we can send statements and notices to either of you. You promise to inform us promptly in writing of any change in your address. At our discretion, we may accept address corrections from the United States Postal Service.

**Assignment:** We may at any time assign your Account, any sums due on your Account, this Agreement or our rights or obligations under this Agreement. The person(s) to whom we make any such assignment shall be entitled to all of our rights under this Agreement, to the extent assigned.

**GOVERNING LAW:** THIS AGREEMENT AND YOUR ACCOUNT WILL BE GOVERNED BY THE LAW OF THE STATE OF DELAWARE AND, AS APPLICABLE, FEDERAL LAW.

6. Submitted for the convenience of the tribunal are true and correct copies of the relevant statutes, to wit, 10 Del. C. § 3912, appended hereto as Exhibit "B" and 5 Del. C. § 951, appended hereto as Exhibit "C".

   A. Attorney's Fees;
   B. Costs of Arbitration: (i) A Filing Fee of $60 already incurred by Claimant; (ii) a Commencement Fee as may be incurred; (iii) any Administrative Fees as may be incurred; (iv) any other or further Fees as may be incurred in the course of these proceedings;
   C. Expenses incurred by the Claimant in serving the Respondent with this Claim.



WHEREFORE, Claimant respectfully requests the issuance of an AWARD in its favor as follows:

A. In the amount of $18740.66 for the principal amount of debt due and owing from Respondent to Claimant;

B. In the amount of $216.99 for interest accrued on said principal amount through the date of this filing;

C. For prejudgment interest at the legal rate of 10.25% from the date of this filing through the issuance of Award;

D. Attorney's Fees of $1874.07;

E. All costs of Arbitration as may be incurred by Claimant in the course of these proceedings;

F. Service expenses as incurred in serving this Claim upon Respondent;

G. Any other or further relief that this honorable Forum deems appropriate.

The undersigned asserts, under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are true and correct.



RESPONDENT(S) MUST SEND A WRITTEN RESPONSE TO THE NATIONAL ARBITRATION FORUM, WITH A COPY TO THE CLAIMANT, WITHIN 30 DAYS OR AN AWARD MAY BE ENTERED IN FAVOR OF THE CLAIMANT.

Clayton D. Moseley, Esq.
for the Claimant


Claimant Contact:
Mann Bracken, LLC
Attention: Clayton D. Moseley, Esq.
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
1-800-817-3214
arbitration@mannbracken.com



SUMMARY OF ACCOUNT INFORMATION

07/17/2007 - KENNETH R ERICKSON

  ACCOUNT STATUS REPORT

Date Filed:          07/17/2007

Account Number:          4226910025868282

Primary Account Holder:   KENNETH R ERICKSON

Address:          941 Isenberg Rd

          Amboy, IL 61310

Home Phone:          (815) 857-1006

Work Phone:          (815) 857-4330

Secondary Account Holder:

Address:

          ,

Home Phone:

Work Phone:

Principal Balance:      $18740.66

Interest Rate:      10.25%

Last Payment:  09/29/2006

INFORMATION DRAWN FROM ACCOUNT RECORDS AND CURRENT AS OF THE DATE FILED



## NOTICE OF ARBITRATION

Dear Respondent,

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the Claimant or from the Forum at WWW.ARBITRATION-FORUM.COM or 800/474-2371.

IF YOU DO NOT DELIVER TO THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE THIRTY (30) DAYS TO RESPOND FROM RECEIPT OF SERVICE.

You have a number of options at this time. You may:

1. *Submit a written Response to the Claim,* stating your reply and defenses to the Claim, together with documents supporting your position. Your Response must be delivered to the Claimant and filed with the Forum. Read National Arbitration Forum [NAF] Code of Procedure Rules 13 and 6C.

   Proof of delivery of the Response on the Claimant must also be filed with the Forum. Read NAF Rules 2A, 2M, and 2AA. Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as mail or other methods in NAF Rule 6C]".

   A Counter Claim, Cross-claim or Third Party Claim must also be delivered and filed with the Forum, and accompanied by the fee as provided in the Fee Schedule. Read NAF Rules 14, 15, and 16. Forms for such Response and Claims may be obtained from the Forum.

   If you fail to respond in writing to the Claim, an Award may be entered against you and in favor of the Claimant.

2. *Select a Document Hearing or a Participatory Hearing.* You may request a Hearing in your Response or in a separate writing. You may select a Document or Participatory Hearing, and you may also request a Hearing on-line or by telephone. If an In-person Participatory Hearing is selected, it will be held in the federal Judicial District where you reside or do business, unless you have agreed otherwise. Your written Request for a Hearing must be filed with the Forum. You must also deliver a copy of your Request to the Claimant and any other Parties. Read NAF Rules 25 and 26.

3. *Have other options.* You may seek the advice of an attorney or any person who may assist you regarding this arbitration. You should seek this advice promptly so that your Response can be delivered and filed within the time required by the Code of Procedure. Read NAF Rule 5 for a Summary of Arbitration

Procedures. If you have any questions about responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN USA 55405-0191
(952)516-6400 (800)474-2371
info@arb-forum.com
www.adrforum.com

# Exhibit I

Mann Bracken, LLC
Attorneys at Law
One Paces West, Suite 1400
2727 Paces Ferry Road
Alanta, GA 30339

August 4, 2007

## NOTICE OF DISPUTE

**Re: Inquiry: Chase Bank USA, N.A., Mann Bracken, LLC, account number 4266851016990175**

Dear Sir/Madame:

I am in receipt of your letter demanding payment on the above referenced account.
I dispute this debt and refuse to pay it.

Further, I never entered into an agreement to arbitrate any disputes on this account.

Respectfully,

Kenneth R. Erickson

# Exhibit J

21

Mann Bracken, LLC
Attorneys at Law
One Paces West, Suite 1400
2727 Paces Ferry Road
Alanta, GA 30339

J

August 4, 2007

## NOTICE OF DISPUTE

**Re: Inquiry: Chase Bank USA, N.A., Mann Bracken, LLC, account number 4226910025868282**

Dear Sir/Madame:

I am in receipt of your letter demanding payment on the above referenced account. I dispute this debt and refuse to pay it.

Further, I never entered into an agreement to arbitrate any disputes on this account.

Respectfully,

Kenneth R. Erickson

# Exhibit K

**STATE OF ILLINOIS**
IN THE CIRCUIT COURT OF FIFTEENTH JUDICIAL DISTRICT
LEE COUNTY

Case No. 08 LM92

CHASE BANK USA, N.A.          vs.   KENNETH R ERICKSON
Plaintiffs                                Defendant(s)

FILED

22 JUN 1 9 2008 22

*Darius A. McCaffrey*
LEE COUNTY CIRCUIT CLERK

**COMPLAINT/**
**APPLICATION FOR AN ORDER CONFIRMING**
**ARBITRATION AWARD**

   NOW COMES CHASE BANK USA, N.A.(hereinafter referred to as Plaintiff), by it's attorneys, Adler & Associates, Ltd.,
and pursuant to relevant statute, (9 U.S.C. §§ 1-16), hereby seeks an order confirming the arbitration award granted in favor
of the Plaintiff, and against   KENNETH R ERICKSON (hereinafter referred to as Defendant), on or about July 17, 2007.

1. That CHASE BANK USA, N.A. and KENNETH R ERICKSON entered into an agreement which provides that the parties
shall resolve any disputes arising from the agreement through binding arbitration, held in accordance with the rules of the
National Arbitration Forum (see cardholder agreement attached hereto as Exhibit "A"). The Plaintiff, CHASE BANK USA,
N.A., is now the bona fide holder of this claim.

2. Pursuant to the Federal Arbitration Act, (9 U.S.C. § 2 -- hereinafter referred to as the Act), such arbitration agreements
are valid and enforceable.  The statute states, in pertinent part,
          A written provision in any maritime transaction or a contract evidencing a
          transaction involving commerce to settle by arbitration a controversy thereafter
          arising out of such contract or transaction, or the refusal to perform the whole or
          any part thereof, or an agreement in writing to submit to arbitration an existing
          controversy arising out of such a contract, transaction, or refusal, shall be valid,
          irrevocable, and enforceable, save upon such grounds as exist at law or in equity
          for the revocation of any contract....

3. Upon obtaining an arbitration award, the Act provides that upon application of a party, the court shall confirm an award,
unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of said Act (9 U.S.C. § 9). A copy
of the award entered in favor of Plaintiff is attached hereto and marked Exhibit "B".

4. The Act further provides that upon the granting of an order confirming, modifying or correcting an award, judgment shall
be entered in conformity therewith and shall have the same force, effect, in all respects, as, and be subject to all the provisions
of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which
it was entered (9 U.S.C. § 13).

5. As provided for in the Act, applications to the court to confirm arbitration awards, if the adverse party is a resident of the
district within which the award was made, shall be served upon such party as prescribed by law for service of notice of motion
in an action in the same court (9 U.S.C. § 9).  A copy of Plaintiff's motion is attached hereto as Exhibit "C".

6. That Plaintiff has complied with the requirements of the Act and the award has not been vacated, modified or corrected.

   WHEREFORE, Plaintiff respectfully requests that the arbitration award be confirmed pursuant to 9 U.S.C. § 9 and 9
U.S.C. § 13 of the Federal Arbitration Act, and that judgment be entered in favor of Plaintiff and against the Defendant in
the amount of $19,272.09, plus costs.

                    By: _____
                         **Attorney for**
                         **Plaintiff herein.**

Adler & Associates, Ltd.#00017612
Attorneys for Plaintiff
25 E. Washington St., #500
Chicago, IL 60602
(312)726-1814
B01287

# Exhibit L

23

STATE OF ILLINOIS

IN THE CIRCUIT COURT OF FIFTEENTH JUDICIAL DISTRICT
LEE COUNTY

FILED                    Case No.____08LM39

CHASE BANK USA, N.A.          10 APR 8.8 2008 KENNETH R ERICKSON
Plaintiffs                              Defendant(s)

                         Denine A Mc Caffrey
                         LEE COUNTY CIRCUIT CLERK
COMPLAINT/

APPLICATION FOR AN ORDER CONFIRMING
ARBITRATION AWARD

NOW COMES CHASE BANK USA, N.A.(hereinafter referred to as Plaintiff), by it's attorneys, Adler & Associates, Ltd., and pursuant to relevant statute, (9 U.S.C. §§ 1-16), hereby seeks an order confirming the arbitration award granted in favor of the Plaintiff, and against KENNETH R ERICKSON (hereinafter referred to as Defendant), on or about July 17, 2007.

1. That and KENNETH R ERICKSON entered into an agreement which provides that the parties shall resolve any disputes arising from the agreement through binding arbitration, held in accordance with the rules of the National Arbitration Forum (see cardholder agreement attached hereto as Exhibit "A"). The Plaintiff, CHASE BANK USA, N.A., is now the bona fide holder of this claim.

2. Pursuant to the Federal Arbitration Act, (9 U.S.C. § 2 -- hereinafter referred to as the Act), such arbitration agreements are valid and enforceable. The statute states, in pertinent part,
   A written provision in any maritime transaction or a contract evidencing a
   transaction involving commerce to settle by arbitration a controversy thereafter
   arising out of such contract or transaction, or the refusal to perform the whole or
   any part thereof, or an agreement in writing to submit to arbitration an existing
   controversy arising out of such a contract, transaction, or refusal, shall be valid,
   irrevocable, and enforceable, save upon such grounds as exist at law or in equity
   for the revocation of any contract....

3. Upon obtaining an arbitration award, the Act provides that upon application of a party, the court shall confirm an award, unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of said Act (9 U.S.C. § 9). A copy of the award entered in favor of Plaintiff is attached hereto and marked Exhibit "B".

4. The Act further provides that upon the granting of an order confirming, modifying or correcting an award, judgment shall be entered in conformity therewith and shall have the same force, effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it was entered (9 U.S.C. § 13).

**B01237**

# Exhibit M

24

*MADE TO GETHER*

## PRINT OUT THIS PAGE AND MAKE COPIES TO KEEP A
## LOG ON EACH CALL AND EACH ORGANIZATION

**M**

**CALL #**

**Today's Date:** 7-17-08        **Time:** 3 32 Pm

**Company Name:** REDLINE RECOVERY

**Callers Name:** SHRIZA FRAISE

**Callers Phone #:** 1-800-218-6371 X4110

**Statements made by Caller:**

CALLED ONE OF MY CLIENTS OFFICE "ROFU INTERNATIONAL TALK WITH CLIENTS OFFICE STAFF ASK QUESTION ON KEN INFO ON A CREDIT CARD COLLECTION ESSUERBEHALF OF CARS IN AMOUNT $19,272.00

**How did this call make you feel?**

_____

_____

_____

_____


**CALL #**

**Today's Date:** _____        **Time:** _____

**Company Name:** _____

**Callers Name:** _____

**Callers Phone #:** _____

**Statements made by Caller:**

_____

_____

_____

_____

**How did this call make you feel?**

_____

_____

_____

_____

# Exhibit N

# PRINT OUT THIS PAGE AND MAKE COPIES TO KEEP A
# LOG ON EACH CALL AND EACH ORGANIZATION

CALL #

**Today's Date:** 7-17-08          **Time:** 3³²ₚₘ

**Company Name:** REDLINE RECOVERY

**Callers Name:** SHRIBER + BASUE

**Callers Phone #:** 1-800-218-6371 X 4110

**Statements made by Caller:**

CALLED ONE OF MY CLIENTS OFFICE
"BOEN INTERNATIONL" TALK WITH CLIENTS
OFFICE STAFF ASK QUESTION ON
KRB INFO ON A CREDIT COLLECTION
ISSUE ON BEHALF OF CHASE IN
AMOUNT OF $21,330.64

**How did this call make you feel?**

VERY UPSET CONTACTING ONE
OF MY CUSTOMER/CLIENTS - MADE
ME LOOK "BAD" COULD RUIN MY
BUSINESS RELATIONSHIP

CALL #

**Today's Date:** _____ **Time:** _____

**Company Name:** _____

**Callers Name:** _____

**Callers Phone #:** _____

**Statements made by Caller:**

_____
_____
_____
_____
_____

**How did this call make you feel?**

_____
_____
_____
_____